**ISLAND SILVER & SPICE, INC. and Glenn S. Saiger and Virginia Saiger, husband and wife, Plaintiffs,**

v.

**ISLAMORADA, VILLAGE OF IS-LANDS, a Florida municipality, Don Horton, as Islamorada Building Official and Ed Koconis, as Islamorada Planning & Development Services Director, Defendants.**

No. 04–10097–CIV–KING.

United States District Court, S.D. Florida, Key West Division.

April 30, 2007.

Law Offices of Hugh J. Morgan, Key West, FL, for Plaintiffs.

Harriet R. Lewis, Esq., Boca Raton, FL, for Defendant.

### *ORDER DENYING MOTION FOR STAY*

JAMES LAWRENCE KING, District Judge.

This matter came before the Court upon Defendant, ISLAMORADA's, Emergency Motion to Stay Judgment Pending Appeal. On the day prior to hearing, Defendant filed its Notice of Appeal, appealing the Final Judgment entered in this cause on February 28, 2007. Accordingly, the Emergency Motion, although prematurely filed, became ripe for determination. Having considered the Emergency Motion and Plaintiffs' Response thereto, and having given due consideration to the stipulations

and argument presented during the 2½ hour hearing on the Emergency Motion, the Court finds as follows:

■ 1. Defendant's primary contention is that, absent a stay of the injunctive provision of the Final Judgment, havoc may ensue because the Village will be forced "to choose between two contradictory rulings emanating from the United States District Court for the Southern District." That fear is unfounded. As Defendant's counsel acknowledged, the Village will (with or without a stay) receive and process in good faith any application that may be submitted for development defined in Village Code § 30–1264 as "Formula Retail." Although there is some disagreement between the parties as to the time required to complete the Village's development review process, it is undisputed that the process of securing a development permit in the Florida Keys Area of Critical State Concern is lengthy. Even if Plaintiffs submit their development application in the near future, the pending appeal might well be concluded before the applicant could emerge from the laborious permitting process (including staff review, public hearings, State of Florida DCA review, and potential administrative or State judicial appeals). And if Defendant's hypothesized quandary were actually to materialize, the Village could then apply for a stay. This court will not issue a stay merely to avoid an improbable scenario which, in the unlikely event that it were to occur, could then be adequately addressed by a motion for stay supported by a showing of good cause.

If the appeal were to proceed more slowly (or the development review more quickly) than anticipated, the Village could readily avoid the harm it imagines. Should Plaintiffs' application come before the Village Council for approval while Defendant's appeal is pending in the Eleventh Circuit, nothing in the Final Judgment would preclude approval of that application subject to the outcome of the pending appeal. Plaintiffs stipulated on the record that they would accept such a condition if it were included in the development order, and even absent such a stipulation, Florida decisional law enforces such caveats, which could be included in any development approval issued prior to conclusion of the appeal. Accordingly, the lack of a stay would not enable Plaintiffs, or any potential "formula retail" applicant, to circumvent the Village's appeal by filing a development application. Even if an applicant were willing to risk the cost of preparation and review of a "formula retail" development application pending the outcome of the pending appeal, and were to obtain approval subject to caveat, there is no reason to assume that the successful applicant (or, as important, its lender) would incur the risk of financing construction of a building that would be subject to demolition in the event of an adverse appellate decision.

■ 2. Defendant failed to establish any of the four criteria that this court is required to evaluate when considering a motion to stay judgment pending appeal, i.e., (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *Gonzalez v. Reno*, 2000 WL 381901 (11th Cir.2000); *Kelley v. Singletary*, 265 F.Supp.2d 1305, 1307 (S.D.Fla.2003).

"[T]he first factor is generally the most important." *Gonzalez v. Reno, supra.*

█ Defendant attempted to carry its burden of establishing the first and most important factor by arguing that the Final Judgment conflicts with the Order Granting Defendant's Motion To Dismiss in *Cachia v. Islamorada* (Case No. 06–10061–CIV–Moore), and therefore forces the Village to choose between two conflicting mandates. However, the *Cachia* Order did not consider the formula retail regulations that were·the subject of the Final Judgment in this action. Moreover, the *Cachia* Order is not a ruling on the merits, and accordingly neither binds, nor requires compliance by, the Village.

The *Cachia* Order expressly addressed and decided only the sufficiency of Joseph Cachia's allegations challenging the formula *restaurant* provisions of Ordinance 02–02, not the different formula *retail* provisions invalidated in this action. The differences between those two separate provisions of Ordinance 02–02 are not insubstantial. First, the definitional criteria for "formula retail establishments" and "formula restaurants" are different. Second, each of these two distinct categories is separately regulated, *i.e.,* each is governed by a separate Section of the Village's Land Development Regulations, and those two Sections embody different regulatory approaches.

This court took pains expressly to limit the scope of the Final Judgment to §§ 1.6.4.4 and 1.6.4.1(e) of the Village of Islamorada's ordinance, and invoked the Ordinance's severability clause in order to leave no doubt that "the rest of the Village Ordinance shall remain in effect." The *Cachia* Order addresses a provision of the Ordinance, *i.e.,* the formula restaurant prohibition, that is contained within the rest of the Ordinance expressly unaffected by the Final Judgment. Additionally, the *Cachia* Order explicitly determined only the sufficiency of Joseph Cachia's Complaint, and

did not decide the merits of that case. Thus, the *Cachia* Order did not adjudicate the merits of that controversy, nor did·it require any compliance by the Village.

█ Because Defendant's showing of likelihood of success rested upon an assumed but nonexistent conflict between the Final Judgment and the *Cachia* Order, Defendant failed to establish the first of the four factors that must be considered in deciding a stay motion. Defendant's analysis of the second factor, irreparable injury to movant, was similarly flawed, because it rested on the mistaken belief that the Village will be forced to choose between compliance with the Final Judgment and compliance with the *Cachia* Order, thereby risking irreparable harm should it choose the wrong order. However, for the reasons stated above, Defendant faces no such risk.

█ Defendant addressed the third factor by asserting that no party could be substantially harmed by a stay that simply maintains the status quo. However, that unsubstantiated assertion is overcome by the evident substantial injury that Plaintiffs and other commercial property owners would sustain were the Final Judgment to be stayed. The Final Judgment grants full relief to Plaintiffs by combining two partial remedies: monetary compensation for Plaintiffs' past losses, and curtailment of future loss by enjoining enforcement of the offending legislation. Entry of a stay would deny Plaintiffs protection from future loss, because they would be re-subjected to the same unconstitutional legislation that has already inflicted on them hundreds of thousands of dollars of damages. Under the status quo, Plaintiffs are judicially freed from infliction of further·damages. Staying the injunction that is part of the status quo would restart the damages clock, inflicting further injury that the Final Judgment neither contem-

plates nor protects against. Additionally, Defendant has not met the obligation imposed on a party seeking equitable relief, that it offer to do equity by securing the other party against further damage (*e.g.,* by posting a bond in an amount sufficient to protect Plaintiffs from such damage pending final appellate determination). Finally, third parties have been harmed and will continue to be harmed until the Defendant's unconstitutional actions are stopped. The parties stipulated, and the Final Judgment accordingly found, that the formula retail restriction has already prevented other property owners from operating formula retail establishments(*e.g.,* Publix). The damage previously inflicted by that restraint of trade upon those other property owners and upon Islamorada's residents and visitors would begin anew were the protection afforded by the injunction to be stayed.

■ Defendant's analysis of the fourth factor (where the public interest lies) simply extols the virtue of providing "certainty in any action ultimately taken by the Village ... in issuing any permits for formula retail establishments." (Motion for Stay, p. 4). Defendant failed to explain why the benefit of certainty would not be as readily had by abiding the provisions of the Final Judgment. Additionally, the public interest is better served by removing an illegal restraint on interstate commerce. Delaying enforcement would deserve that interest.

■ 3. Issuance of a stay would be ineffectual to protect the Village against claims, mirroring those adjudicated in this action, that could reasonably be anticipated were the Village to continue to enforce its formula retail regulations, and then lose the pending appeal. The existence of a stay of the Final Judgment in this action would not bar recovery by a subsequent applicant who suffered damages caused by the Village's enforcement of an unconstitutional law. Thus, the protection that Defendant seeks could prove as illusory as the harm it is intended to avert.

4. Defendant's reliance on the automatic stay provision of Rule 9.310(b)(2), *Fla. R.App.P.*, is misplaced. By removing this action from the State Circuit Court, Defendant chose to be bound by the Federal Rules of Procedure instead of the Rules governing proceedings in State courts. Rule 62(f) entitles a judgment debtor to a stay under State law, only if the judgment creates a lien on the property of the judgment debtor. Because *Florida Statute* § 55.11 expressly provides that "no money judgment or decree against a municipal corporation is a lien on its property," ISLAMORADA is not entitled to a stay under State law.

5. Defendant has the right under Rule 62(d) to stay execution of the monetary Judgment against it, by posting a supersedeas bond.

Accordingly, it is ORDERED that the Emergency Motion to Stay is DENIED, without prejudice to the filing of a subsequent motion to stay based on changed circumstances. It is further ORDERED that counsel shall confer in a good-faith effort to determine the amount of a bond that will secure the sum awarded, reasonable attorney's fees and costs to which Plaintiffs are entitled under the Final Judgment, and interest thereon during the anticipated 12–month period of the appeal. Failing agreement of the parties, the court will fix the amount of the supersedeas bond.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of April, 2007.